IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE LUIS SEGURA,**<br><br>                             Petitioner,<br><br>     v.<br><br>**DAVE DAVEY, Warden,**<br><br>                             Respondent. | Case No. 1:14-cv-01803 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 13]** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Dave Davey, Warden of California State Prison, Corcoran is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented in this action by Christina Simpson, of the Office of the Attorney General for the State of California.

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kings, upon being convicted by a jury of two counts of continuous sexual abuse of a child under the age of

1

1  14 years, aggravated sexual assault of a child under the age of 14 years via oral
2  copulation, aggravated sexual assault of a child under the age of 14 years via sexual
3  penetration, and exhibition of harmful matter with the intent of seducing a minor. On
4  December 3, 2008, Petitioner was sentenced to an indeterminate state prison term of
5  forty-five years to life, plus two years. (Lodged Docs. 1-2.)

6  On September 9, 2009, the California Court of Appeal, Fifth Appellate District,
7  affirmed the judgment, but vacated the sentence on count one and remanded the matter
8  to the trial court for resentencing. (Lodged Doc. 2.) Petitioner did not seek review in the
9  California Supreme Court. On January 29, 2010, the Kings County Superior Court
10 resentenced Petitioner to thirty years to life in accordance with the Court of Appeal's
11 remand. (Lodged Doc. 3.) No appeal followed the resentencing.

12 Petitioner proceeded to file eleven petitions for writ of habeas corpus in the
13 California state courts as follows:

14  1.  California Court of Appeal, Fifth Appellate District
        Filed: May 5, 2010[1];
15      Denied: May 13, 2010;

16  2.  Kings County Superior Court
        Filed: September 2, 2010[2];
17      Denied: November 15, 2010;

18  3.  California Court of Appeal, Fifth Appellate District
        Filed: January 5, 2011[3];
19      Denied: April 29, 2011;

20  4.  California Supreme Court
        Filed: May 18, 2011[4];
21

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on May 7, 2010, pursuant to the mailbox rule the Court considers the petition filed on May 5, 2010, the date Petitioner signed the petition.

[2] Although the petition was filed on September 13, 2010, pursuant to the mailbox rule the Court considers the petition filed on September 2, 2010, the date Petitioner signed the petition.

[3] Although the petition was filed on January 11, 2011, pursuant to the mailbox rule the Court considers the petition filed on January 5, 2011, the date Petitioner signed the petition.

[4] Although the petition was filed on May 28, 2011, pursuant to the mailbox rule the Court considers
(continued…)

          Denied: October 26, 2011;

5.     Kings County Superior Court
       Filed: January 3, 2012[5];
       Denied: February 24, 2012;

6.     Kings County Superior Court
       Filed: January 26, 2012[6];
       Denied: March 19, 2012;

7.     Kings County Superior Court
       Filed: August 20, 2012[7];
       Denied: October 23, 2012;

8.     Kings County Superior Court
       Filed: August 25, 2013[8];
       Denied: November 4, 2013;

9.     Kings County Superior Court
       Filed: October 23, 2013[9];
       Denied: December 12, 2013;

10.    California Court of Appeal, Fifth Appellate District
        Filed: January 6, 2014[10];
        Denied: March 20, 2014;

11.    California Supreme Court
        Filed: April 30, 2014[11];
        Denied: July 9, 2014;

---

(…continued)
the petition filed on May 18, 2011, the date Petitioner signed the petition.

[5] Although the petition was filed on January 6, 2012, pursuant to the mailbox rule the Court considers the petition filed on January 3, 2012, the date Petitioner signed the petition.

[6] Although the petition was filed on January 30, 2012, pursuant to the mailbox rule the Court considers the petition filed on January 26, 2012, the date Petitioner signed the petition.

[7] Although the petition was filed on August 27, 2012, pursuant to the mailbox rule the Court considers the petition filed on August 20, 2012, the date Petitioner signed the petition.

[8] Although the petition was filed on September 4, 2013, pursuant to the mailbox rule the Court considers the petition filed on August 25, 2013, the date Petitioner signed the petition.

[9] Although the petition was filed on October 25, 2013, pursuant to the mailbox rule the Court considers the petition filed on October 23, 2013, the date Petitioner signed the petition.

[10] Although the petition was filed on January 9, 2014, pursuant to the mailbox rule the Court considers the petition filed on January 6, 2014, the date Petitioner signed the petition.

[11] Although the petition was filed on May 5, 2014, pursuant to the mailbox rule the Court considers the petition filed on April 30, 2014, the date Petitioner signed the petition.

(Mot. to Dismiss, Exs. 4-28.)

On October 17, 2014[12], Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On January 20, 2015, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 13.) Petitioner did not file an opposition to the motion to dismiss.

## II.    DISCUSSION

### A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state

---

[12] Although the petition was filed on November 13, 2014, pursuant to the mailbox rule the Court considers the petition filed on October 17, 2014, the date Petitioner signed the petition.

4

remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on October 17, 2014, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. On September 9, 2009, the California Court of Appeal, Fifth Appellate District, vacated the sentence to count one and remanded the matter for resentencing. On January 29, 2010, the Kings County Superior Court resentenced Petitioner. (Lodged Doc. 3.) Petitioner did not appeal the resentence. Consequently, Petitioner's conviction became final sixty days after he was resentenced when the time for filing a direct appeal expired on March 30, 2010. Cal. Rules of Court 8.308(a); Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012). The AEDPA statute of limitations began to run the following day, on March 31, 2010. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from March 31, 2010, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until October 17, 2014, over three years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred as untimely.

### C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, the statute of limitations began to run on March 31, 2010. Petitioner filed a state habeas petition on May 5, 2010, in the California Court of Appeal, Fifth Appellate District. As of May 5, 2010, 35 days of the limitations period had elapsed. Respondent does not challenge Petitioner's right to tolling during the pendency of the petition. Accordingly, Petitioner is entitled to tolling from May 5, 2010, until the date the petition was denied on May 13, 2010. As 35 days of the limitations period already elapsed, 330 days remained as of May 13, 2010.

Respondent next asserts that Petitioner is not entitled to tolling during the interval period between filing the first and second petitions. Respondent asserts that Petitioner was not pursuing his application up the ladder of the state court system. Review is "pending" within the meaning of § 2244(d)(2) only where a prisoner is pursuing a single, full round of habeas relief in state court; thus, no review is "pending" where a prisoner files a second petition in a court which raises new claims and does not constitute merely an elaboration of the facts relating to the claims in a prior petition or an attempt to correct the prior petition's deficiencies. Stancle v. Clay, 692 F.3d 948, 951, 954-56 (9th Cir. 2012); Banjo v. Ayers, 614 F.3d 964, 968-69 (9th Cir. 2010). After seeking review from the California Court of Appeal in his first petition, Petitioner filed his second action in the Kings County Superior Court. Accordingly, Petitioner was not ascending up the state court hierarchy. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). Petitioner is not entitled to the benefit of tolling for the interval period.

Furthermore, Petitioner delayed 112 days from the denial of his first petition to the filing of his second habeas petition. Unexplained delays of such duration are unreasonable, and not entitled to statutory tolling. See Velasquez v. Kirkland, 639 F.3d 964 (9th Cir. 2011) (unexplained eighty and ninety-one day delays in filing are unreasonable under California law and prevent tolling of AEDPA's one year statute of limitations.).

Petitioner filed his second petition with the Kings County Superior Court on September 2, 2010. As an additional 112 days of the limitation period elapsed, 218 days of the limitations period remained on September 2, 2010. Respondent concedes that Petitioner was entitled to tolling during the pendency of the second through fourth petitions, and the intervals between filing. As such, 218 days of the limitations period remained on October 26, 2011, the date of denial of the fourth state habeas petition.

Respondent again asserts that Petitioner is not entitled to tolling during the interval period between filing of the fourth and fifth petitions because Petitioner was not pursuing his application up the ladder of the state court system. After seeking review from the California Supreme Court in his fourth petition, Petitioner filed his fifth action in the Kings County Superior Court. Accordingly, Petitioner was not ascending up the state court hierarchy. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). Petitioner is not entitled to the benefit of tolling for the relevant interval period.

Petitioner delayed 69 days from the denial of his fourth petition to the filing of his fifth habeas petition. Petitioner filed his fifth petition with the Kings County Superior Court on January 3, 2012. As an additional 69 days of the limitation period elapsed, 149 days of the limitations period remained on January 3, 2012. Respondent concedes that Petitioner was entitled to tolling during the pendency of his fifth and sixth petitions, and the interval between filing. As such, 149 days of the limitations period remained on March 19, 2012, the date of denial of the sixth state habeas petition.

Accordingly, the statute of limitations expired the next business day after the 149 remaining days of the limitation period expired, on August 15, 2012. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). The present petition was filed on October 17, 2014, over two years after the expiration of the year statute of limitations period. The instant federal petition is untimely.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

## III. CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Furthermore, while Petitioner is entitled to the benefit of statutory tolling, the petition remains untimely. Moreover, Petitioner is not entitled to equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## IV. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed

within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   March 31, 2015            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE